NIAL BEMIS *v.* RAYMOND P. BEMIS.

January Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 6, 1940.

*Barber & Barber* for the plaintiff.

*E. W. Gibson, Jr.,* and *Neil D. Clawson* for the defendant.

SHERBURNE, J. This is an action for alleged trespasses upon Leland Lake, sometimes called Athens Pond, located in the town of Athens, which the court found to be a natural body of water

containing 18.2 acres, and not to be public water. The defendant has title to most of the land immediately surrounding the lake and claims to own the land under it. A small rectangular piece of defendant's land was formerly owned by one Oscar Dean under a deed in which it was bounded as follows:—"Commencing at a point on" a certain "log road and the Athens Pond, so-called, thence westerly on the south side of said log road 100 feet, thence southerly 75 feet, thence easterly to the pond, thence on the west shore of the pond 75 feet to the place of beginning." While Dean owned this lot he gave the plaintiff a quit-claim deed of the lake and the land under it. To the finding that Dean had no title to the lake or the land under it, and consequently could not convey any title thereto to the plaintiff, whereby he can maintain this action, exception was taken.

■ To the plaintiff's contention that according to the boundaries of his lot Dean had title to the land under water in front of the lot as far as the middle of the lake, under the rule that when land is conveyed as bounded by a non-navigable stream or non-navigable pond the grantee takes to the center, if the grantor owns that far, and therefore Dean's deed to the plaintiff made out good title to so much of the bed of the lake, the answer is that the Dean lot was not bounded by the lake, but was bounded by a course on the shore. In this respect the boundary of the Dean lot, so far as any land under water is concerned, cannot be distinguished from the boundary in the deeds construed in *Holden* v. *Chandler*, 61 Vt. 291, 18 Atl. 310, about which the Court said, page 293, "Two deeds in the plaintiff's chain of title plainly indicate that the boundary of his land is the bank of the pond, viz.: the one * * * bounding the lot 'by the edge of the mill-pond', and one * * * which defines the line as 'the bank of said mill-pond.' " To the same effect is *Eddy* v. *St. Mars*, 53 Vt. 462, 38 Am. Rep. 695, where the boundary along a mill-pond read "then southerly on the edge of the pond" to a corner.

■ Where the description of property conveyed runs the boundary along dry land such as the bank, shore, or margin of a private pond or lake, land under water is excluded from the conveyance. 8 Am. Jur., Boundaries, § 14, p. 755; *Holden* v. *Chandler, supra*; *Eddy* v. *St. Mars, supra*; *Lynnfield* v. *Peabody*, 219 Mass. 322, 337, 106 N. E. 977; *Lembeck* v. *Nye*, 47 Ohio St. 336,

24 N. E. 686, 8 L. R. A. 578, 21 Am. St. Rep. 828; *Geneva* v. *Henson*, 195 N. Y. 447, 88 N. E. 1104; *White* v. *Knickerbocker Ice Co.*, 254 N. Y. 152, 172 N. E. 452, 74 A. L. R. 591; *Axline* v. *Shaw*, 35 Fla. 305, 17 So. 411, 28 L. R. A. 391.

As Dean had no title to the bed of the lake, his deed to the plaintiff conveyed none.  *Holden* v. *Chandler, supra.*

*Judgment affirmed.*